IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | Case No.  CV 10-04-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it motions to intervene filed by the Southeast Idaho

Mule Deer Foundation (SEIMDF) and the United Steelworker Local 632 (Union).

For the reasons expressed below, the Court will deny the motions to intervene, but

will allow both entities to file amicus briefs, limited to certain issues regarding the

claim under FLPMA, as discussed more fully below.

**ANALYSIS**

In this action, the Tribes claim that the BLM's decision approving a land

exchange between Simplot and the BLM violated (1) NEPA, (2) FLPMA, and (3)

the Government's trust obligations to the Tribes.  The Tribes sued the BLM, but when Simplot moved to intervene, the Tribes did not object, and the Court granted them permissive intervention.  The Tribes do object to the intervention motions of the Union and SEIMDF, arguing that they should at most be allowed to file amicus briefs.

The Court agrees.  Private parties are not entitled to intervene as of right under Rule 24(a) in a NEPA action.  *See Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094 (9th Cir. 2002)* (holding that "private parties do not have a significant protectable interest in NEPA compliance actions").  With regard to the FLPMA and tribal trust issues, the Union and SEIMDF must show that their interests are not "adequately protected by existing parties" in order to be entitled to intervene as a matter of right under Rule 24(a).  They cannot make that showing.  The Union and SEIMDF have nothing to argue about the trust issues, and are not parties to the land exchange.  The actual parties – the BLM and Simplot – have every incentive to raise all arguments in favor of the land exchange.  This also weighs against allowing permissive intervention under Rule 24(b).  *See Perry v. Proposition 8 Official Proponents, 587 F.3d 947 (9th Cir. 2009)* (holding that court may consider in its discretion whether "the intervenors' interests are adequately represented by other parties" in determining whether to allow permissive intervention under Rule

24(b)).

It is true that the Union and SEIMDF have unique insight into the land exchange provisions of FLPMA, specifically its direction that the Secretary take into account the local economy and wildlife.  But these insights can be communicated to the Court through narrowly focused amicus briefs.  While intervention may lead to redundant arguments and a "piling on" effect, the filing of amicus briefs – limited in size and scope – will ensure that the interests of the Union and SEIMDF are heard without causing unfair prejudice to the Tribes.

The Case Management Order set forth briefing deadlines for dispositive motions. Currently, the deadline for briefs filed by the BLM and Simplot is September 24, 2010.  The Court will hold the Union and SEIMDF to that deadline, and the corresponding deadline for reply briefs of November 12, 2010.  The briefs of the Union and SEIMDF shall discuss only the issues regarding the land exchange provisions of FLPMA, and shall be limited to 10 pages apiece.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to intervene filed by the Union and SEIMDF (Dkts. 21 & 27) are DENIED.

IT IS FURTHER ORDERED, that the Union and SEIMDF shall be

permitted to file amicus briefs limited to the land exchange provisions of FLPMA and further limited to 10 pages apiece.  They shall adhere to the briefing deadlines set for the BLM and Simplot.

DATED:  **August 10, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge