IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES of the FORT HALL RESERVATION,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>      Defendants.<br>And<br><br>J.R. SIMPLOT COMPANY<br><br>      Defendant-Intervenors. | Case No.  4:10-CV-004-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to alter or amend filed by Simplot.  By the motion, Simplot seeks reconsideration of the Court's decision to grant summary judgment to the Tribes that the BLM's EA violates NEPA and that the BLM is required to prepare an EIS.  See [Shoshone-Bannock Tribes of Fort Hall Reservation v. U.S. Dept. of Interior, 2011 WL 1743656 (D. Idaho 2011)](#).  The Court will deny the motion for the reasons expressed below.

## ANALYSIS

**Memorandum Decision & Order - 1**

The Court-required EIS, Simplot argues, will require it to submit – to the BLM – a plan to construct a new gyp stack on the BLM property, a plan that it has never prepared. Simplot argues that "it could be 30 years before any expansion of the existing gyp stack would even be necessary." *See Simplot Reply Brief (Dkt. No. 84)* at p. 2.  By requiring Simplot to submit a plan now for this future project, Simplot asserts, the Court is merely swapping the BLM's speculations for Simplot's speculations, and the NEPA analysis will be no further along.

The Court disagrees.  A plan would clarify Simplot's intentions, substantially reduce the uncertainties in the BLM's EA, and not need to be based entirely on conjecture.  For example, because Simplot has long eyed this land, it need not make a blind guess about where it would prefer locating the new gyp stack on that land. Likewise, its estimates of the amount of waste to be stored will not be plucked out of thin air but will be based on the production history of the Don plant and projections made in the ordinary course of business.  The choice of liners and other protective features is not an exotic task but something that the parties are currently engaged in as they shore up the existing gyp stack.  Indeed, in a filing with this Court, Simplot had no problem projecting the effect of the liners a decade into the future.  *See Prouty Declaration (Dkt. No. 48)* at p. 4, ¶ 11.

The point here is not that the Simplot plan will nail down every uncertainty. Obviously the plan will be an estimate of a project years in the future and as such, it cannot be expected to predict every twist and turn that the future will take.  But it will

**Memorandum Decision & Order - 2**

allow for a much more informed evaluation of the potential environmental impacts, especially those impacts on groundwater and the existing Superfund site.

Simplot argues next that the requirement that the EPA and the IDEQ must approve any new gyp stack provides a "functional equivalent" to NEPA procedures, rendering NEPA unnecessary. The Court rejected this argument in its original decision, *see* [Shoshone-Bannock Tribes, 2011 WL 1743656 at *11-12](), and finds no reason to alter its analysis.

Finally, Simplot argues that the Court should remand the case to the BLM to prepare another EA rather than an EIS. The Court disagrees. The Court's earlier opinion discussed the case law holding that an EIS "is mandated where uncertainty may be resolved by further collection of data, or where the collection of such data may prevent speculation on potential . . . effects."  [Native Ecosystems Council v U.S.F.S., 428 F.3d 1233, 1240 (9th Cir. 2005)](). The Circuit has recently reaffirmed that very quote. [Barnes v. U.S. Dept. of Transp., 655 F.3d 1124, 1139 (9th Cir. 2011)](). The Court found substantial uncertainty here about critical environmental factors, and that finding mandates the preparation of an EIS. There were also additional factors, discussed by the Court, requiring preparation of an EIS, and so it was not uncertainty alone that led to the Court's decision. For all of these reasons, the Court declines to remand merely for the preparation of another EA.

## ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order - 3**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to alter or amend (docket no. 78) is DENIED.



DATED:  **February 1, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**